IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO
2023 MAY 25 AM 10: 11

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

Civil Action No. _____
(To be supplied by the court)

_____Alberto Rojas-Tr._____, Plaintiff

v.

_____Ann Gail Meinster_____,

**Jury Trial requested:**
(please check one)
✓ Yes ___ No

_____,

_____,

_____, Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

## COMPLAINT

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

A.  **PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Alberto Rojas Jr.  814 Vaughn St. Aurora, CO 80011
(Name and complete mailing address)

(303) 868-6501    a/kojas759@gmail.com
(Telephone number and e-mail address)

B.  **DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:  Ann Gail Meinster  100 Jefferson Cty Pkwy Golden
(Name and complete mailing address)
CO 80401    (720) 772-2643
(Telephone number and e-mail address if known)

Defendant 2: _____
(Name and complete mailing address)

_____
(Telephone number and e-mail address if known)

Defendant 3: _____
(Name and complete mailing address)

_____
(Telephone number and e-mail address if known)

Defendant 4: _____
(Name and complete mailing address)

_____
(Telephone number and e-mail address if known)

## C.   JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

✓ Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

5th, 6th, 14th Amendments, 28 U.S. Code § 455

___ Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of **Colorado**.

If Defendant 1 is an individual, Defendant 1 is a citizen of **Colorado**.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of _____ (name of state or foreign nation).

Defendant 1 has its principal place of business in _____ (name of state or foreign nation).

(*If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.*)

3

D.  **STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: See additional papers regarding "D. Statement of Claims"

Supporting facts: and Request for Relief.

E.  **REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

*See additional papers attached for "E. Request for Relief".*

F.  **PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

05/26/2023
_____
(Date)

(Revised February 2022)

## COMPLAINT FOR JUDICIAL MISCONDUCT

## AND VIOLATION OF CIVIL RIGHTS

**PLAINTIFF:** ALBERTO ROJAS JR.                              Date: 5/26/2023

Mailing address:

814 Vaughn St. Aurora CO 80011

Tel: (303) 868-6501

Email: alrojas759@gmail.com

**DEFENDANTS:** HON. JUDGE ANN GAIL MEINSTER

**RE:** Case No.16DR1911

## STATEMENT OF CLAIMS

Comes now Plaintiff Alberto Rojas Jr. acting Pro Se and under indigent status hereby submits his Complaint for Judicial Misconduct and Violation of Civil Rights against the Hon. Judge Ann Gail Meinster. Judge Meinster has willfully violated the judicial code of conduct, constitutional rights, and all applicable rules and laws supported by the following legal citations and authority on Case No. 16DR1911 currently at the Jefferson County District Court.

## CASES, STATUSES AND COURT RULES

1. Violation of the 5th, 6th, and 14th amendments of the U.S. Constitution. Violation of procedural and substantive due process. Denial of a state appointed counsel based on indigency and charges being brought forward.

1

2. Rule 1.2: Promoting Confidence in the Judiciary,
3. Rule 2.10: Judicial Statements on Pending and Impending Cases (A)
4. Rule 2.3: Bias, Prejudice, and Harassment
5. Rule 2.5: Competence, Diligence, and Cooperation
6. Rule 2.11: Disqualification and 28 U.S. Code § 455
7. 18 U.S. Code § 2. Principals. Aiding and abetting in crime.
8. 18 U.S.C. § 241 Conspiracy Against Rights.
9. 18 U.S.C. § 241 Deprivation of rights under the color of law
10. 18 U.S.C. § 1592 Unlawful Conduct with Respect to Documents
11. 18 U.S.C §1584 Disqualification of justice, judge, or magistrate.
12. 18 U.S. Code § 3283. Offenses against children

The Judge's actions and decisions have incurred severe and irreparable emotional, financial, and physical harm upon the Plaintiff and his child R.M.R.B. who is Hispanic and baptized in the Catholic Church. The child is the Plaintiff's biological daughter.

After the child's mother's death, on May 1, 2018, Judge Ann Gail Meinster gave full Allocation of Parental Responsibilities to both Eric Motter and Cynthia Schippert after illicitly giving advice to their counsel Eric J. Kelly to withdraw his motion for Guardianship and suggested him to file a motion for APR on May 23, 2017 during a status conference.

Contrary to the judge's claim, both guardians do not have a stance in this case, they are both white, profess no faith, do not have any relationship to the child either by blood, culture, heritage, or religion, and are not married to each other nor do they cohabitate in the same household.

2

Moreover, Judge Meinster chose to ignore the guardians' prior criminal history, most specifically Eric Motter's, which automatically disqualifies him from having custody of any minor. Mr. Motter's criminal record spans over three states: NM, CA and CO all with charges for domestic violence, felony assaults, child abuse, predatory behavior, violation or protection orders, and life threats, his crimes are accurately reported by both law enforcement and court records.

Numerous motions, responses and objections to such a decision, citing proper legal authority, were denied by Judge Meinster's dismissive, irresponsible, and capricious attitude. This complaint is related to an officer under the color of public entity authority.

Following the May 1, 2018 hearing before Judge Meinster in which the judge proceeded to severely restrict the ability of Mr. Rojas (the Plaintiff) to advocate for placement of the Child with him, Judge Meinster again ruled and ordered both father and child to submit themselves to therapeutic supervision, giving the guardians full access and decision making regarding communication, schedules, times, dates, updates, and selection of therapist. Such an order is an additional insult to both father and child, and aggravation of the current alienation and emotional harm imposed by Judge Meinster's capricious decisions.

Judge Meinster's decision to not fairly consider placing the Child with her biological father who is Hispanic and a practicing Catholic since his infancy, was arbitrary and ill intended and certainly not in the best interest of the child. Judge Meinster's summary rejection of all pleadings by the child's father has been arbitrary, capricious and irresponsible.

At the May 1, 2018 hearing, the Plaintiff requested the judge to summon the child to her chambers and ask her about her wishes, Judge Meinster ignored the

3

request without any explanation. The child is currently 17 years of age and mature enough to decide and express her wishes.

Judge Meinster has further refused to appoint a GAL on several occasions. A GAL would have ensured the child had a voice in this matter and avoid the ongoing conflictive and litigious case. Judge Meinster refused to both appoint a GAL or summon the child to her chambers confirming her irresponsible and capricious attitude.

Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under the color of law, deprives another of his federal rights." The purpose of §1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."

Similar civil complaints have been filed at the U.S. District Court under Civil Action No. 19-cv-01896-GPG, with charges and crimes committed by Judge Meinster and Kurt Mestger in Case No.19-1060 Dist. Ag. Docket 1:18-cv-00620-MSK-MEH. At the last contempt hearing, Judge Meinster appointed Mr. Kurt Metsger as the Plaintiff's defense counsel. After the Plaintiff exchanged email communication with the counsel, Mr. Metsger opted to withdraw himself from the case when it was discovered that both Meinster and Metsger were co-defendants in the aforementioned suit, thereby once again engaging in conspiracy and misconduct.

Due to her Modus Operandi, Judge Meinster is consistently found guilty of abuse of judicial discretion by the Colorado Court of Appeals as dozens of orders were returned to the lower court for remand and consideration. Such actions confirm Judge Meinster's character and abuse of judicial discretion and authority.

4

The record shows the following orders to name a few: *Court of Appeals No. 14CA2172. Colorado Court of Appeals, Div. III. Announced July 30, 2015. Certiorari Dismissed as Improvidently Granted April 14, 2017. Appeal from the Jefferson County District Court No. 06JV377, Honorable Ann Gail Meinster, Judge. ORDER REVERSED AND CASE REMANDED WITH DIRECTIONS.*

Also *see Court of Appeals No. 17CA0608. Colorado Court of Appeals, Div. A. Announced February 22, 2018. Appeal from the Jefferson County District Court No. 15JV650, Honorable Ann Gail Meinster, Judge. ORDER OF LIMITED REMAND.*

On July 12, 2019, the Hon. Judge Meinster chose to preside over a contempt hearing without jurisdiction based on her ongoing violations of federal and state rules and laws. A verbal motion citing legal authority for recusal was made by the court appointed counsel Mr. Scott Poland addressing violations of the 5th, 6th and 14th amendments, Judge Meinster refused to recuse without explanation.

During the July 12, 2019 hearing, Judge Meinster engaged in capricious and disrespectful conduct overruling all objections made by Mr. Poland (this Plaintiff's counsel), and refused to heed any requests and attempts to address the issues. Furthermore, Judge Meinster engaged in disrespectful behavior toward Mr. Poland by smirking and shaking her head as she was looking at the opposing counsel while Mr. Poland was reviewing his documents.

Moreover, Judge Meinster has chosen not to respond and ignore the motions filed by the Plaintiff when in compliance with her court order. Her inexplicable refusal to address the ongoing criminal activities by Eric Motter, who is acting as Petitioner in Case No 16DR1911, is capricious and irresponsible at best.

5

The child, R.M.R B. has suffered a sexual assault, has run away from Mr. Motter's home, is suicidal, and is engaging in self-destructive behavior all while under the custody of Mr. Motter and Mrs. Schippert. Such incidents have been duly reported by law enforcement agencies and therapists.

The child has been sequestered (kidnapped) by Mr. Motter and Cynthia Schippert since February 3, 2018 while disobeying court orders to cooperate with a PRE evaluation and supervised visitations. Both father and child have not had any contact or seen each other for nearly 51 months. Judge Meinster, Eric Motter and Cynthia Schippert have engaged in "systematic alienation" through Parental Kidnapping.

Due to the court's reluctance to enforce its own orders, out of desperation and frustration, along with recent allegations of the child being exposed to further trauma, the father of the child sent both a birthday and Christmas card along with a letter to his daughter stating nothing but love and concern for her safety. The Defendants showed no proof that the child had read the correspondence. Judge Meinster considered this action contemptuous and a violation of her orders. Hence, she found the Plaintiff in contempt of court and sentenced the Plaintiff to 90 days jail sentence while demanding a $10,000.00 cash only bond payable to the court.

This will be the third time she has issued such an order. Judge Meinster has incarcerated the child's father on two other occasions for the same harmless and unintentional alleged violation of court orders. All three incarcerations have imposed the following on the child's father: a) loss of employment, b) reduced options for potential employment due to arrest records, c) declaration of bankruptcy under chapter 7, d) chronic indigency, and d) aggravation of a service-related physical disability due to jail living conditions, e) and emotional distress upon both father and child.

Finally, on October 30th, 2022, the child's guardian physically and emotionally assaulted the child causing reckless injuries. The child escaped her assailant, who was further brandishing a handgun. On March 30th, 2023, the guardian-Eric Motter- in front of Judge A.G. Meinster, admitted guilt to assault against the child and others who have been under his custody. The assailant was further prosecuted and found guilty by The People of Colorado thereby subjecting him to probation, fines, restitution, and a protection order imposed against him. The damage caused by Judge Ann Gail Meinster's abusive, dismissive, and criminal conduct has incurred unmeasurable and incalculable emotional, physical, and financial damage to both child and father.

From the onset of the incarcerations, the Plaintiff is in daily physical pain which impedes him from performing his normal routine and chores. The Plaintiff has a spondylolisthesis on the L5 vertebrae, along with 4 lumbar area degenerating disks. While living under the current jail conditions such as sleeping, sitting and laying on concrete slabs and metal bunks and chairs is a detriment to his condition, and will likely cripple and/or completely disable to Plaintiff as per doctors' opinions.

The Plaintiff is 63 years old, he has earned a M.S. in Criminology, he has no criminal record, and has never been accused of sexual misconduct, predatory behavior, assault against individuals much less minors, domestic abuse, or child abuse. His potential for employment has been limited both by age, origin, and his record of incarceration due to the court's capricious and abusive orders. His professional career as soccer coach, and eligibility to work for judicial, state and federal law enforcement agencies has been seriously curtailed. The loss of retirement and savings funds, ongoing debt, and surviving under SNAP assistance has taken its toll on the Plaintiff.

7

Upon the death of the child's mother on April 10, 2017, the Plaintiff filed an Emergency Motion for Custody and rather than addressing the matter diligently, Judge Meinster issued an order for a "status conference" to be held 42 days after the motion was filed. Such a decision was irresponsible, careless, and reckless.

Inexplicably, Judge Meinster chose to dismiss as hearsay all law enforcement and medical reports regarding the child's events and Mr. Motter's criminal activity and domestic violence and refused to address the seriousness of the ongoing issues. Judge Ann Gail Meinster denied the Plaintiff's right to present witnesses. In doing so, she engaged in criminal comportment by aiding and endorsing Mr. Motter's criminal behavior in violation of due process, 18 U.S. Code § 2 and 18 U.S.C. § 241.

Pursuant to 18 U.S.C. § 1592 Unlawful Conduct with Respect to Documents, the Hon. Judge Ann Gail Meinster has ignored and or dismissed motions and complaints for Parental Kidnapping, Malicious Prosecution, Witness Tampering, Motion for Contempt of Court, a De Novo Review, Appointment of a GAL, Motion for a State Appointed Counsel, Motion to Modify Child Support, and many other pleadings not addressed or simply ignored. Meinster renders orders and has communicated with the other party's counsel without informing or copying this Plaintiff.

Judge Meinster is aware that both father and child have not seen each other since February 3, 2018 due to the child guardian's contemptuous behavior, yet she continues to endorse his conduct by refusing to address the issues without any consideration, professionalism, or judicial diligence.

Section 242 of Title 18 makes it a crime for a person acting under color of any law to willfully deprive a person of a right or privilege protected by the

Constitution or laws of the United States. Judge Meinster is aware of her willful violation of federal laws and opts to continue her criminal behavioral pattern endangering and destroying the lives of children and their families.

## REQUEST FOR RELIEF

TITLE 18, U.S.C., SECTION 242

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, ... shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

Because both physical and emotional harm has been imposed upon both father and child, the Plaintiff seeks this court will impose the maximum prison sentence upon Judge Ann Gail Meinster of 10 years, followed by the appropriate fines, and $2.5 million dollars relief amount for damages, pain and suffering.

Respectfully submitted by:

Alberto Rojas Jr. MSCR/Plaintiff

05/25/2023

9